UNITED STATES ex rel. LAMBERT et al. v. PEDARRE.

(District Court, E. D. Louisiana, New Orleans Division. January 26, 1920.)

No. 15972.

1. COURTS ⬤⟳284—ACTION ON FEDERAL COURT JUDGMENT NOT NECESSARILY A FEDERAL QUESTION.

    That an action is based on a judgment of a federal court does not of itself raise a federal question, which gives jurisdiction to another federal court.

2. COURTS ⬤⟳264(1)—FEDERAL COURT WITHOUT ANCILLARY JURISDICTION OF LAW ACTION ON JUDGMENT OF FEDERAL COURT.

    A federal court is without ancillary jurisdiction of an action at law on a judgment of a court of another district against the surety on the bond of a contractor given under Act Feb. 24, 1905 (Comp. St. § 6923), and in favor of a subcontractor, where the real parties are citizens of the same state and the amount involved is less than $3,000.

At Law. Action by the United States, on the relation of John M. Lambert and others, against Henry R. Pedarre. Dismissed.

Hall, Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, La., for plaintiffs.

Edward Dinkelspiel and John C. Davey, both of New Orleans, La., for defendant.

FOSTER, District Judge. This is a suit by citizens of Louisiana against another citizen of Louisiana to recover $1,415.07 on a judgment rendered by the United States District Court for the Southern District of Mississippi in proceedings entitled United States ex rel., etc., v. O. E. Gibson, No. 6737 on the docket of that court. The defense is that the judgment has been paid. The jury was waived in writing and the matter submitted to the court.

The material facts are these: Gibson obtained a contract from the United States to build a levee in the Southern district of Mississippi. Pedarre was one of the joint and several sureties on the bond given to the United States under the provisions of Act Cong. Feb. 24, 1905, c. 778 (Comp. St. § 6923), with the usual provision for the security of furnishers of labor and materials on the work. The plaintiffs in this case, doing business as a partnership under the name of Lambert Bros., contracted with Gibson for the hire of certain teams. They exacted of him a bond for their own security, separate and distinct from the bond signed by Pedarre, and on this bond the National Surety Company was surety. Gibson defaulted in his payments to certain furnishers of material, including Lambert Bros. A suit was brought in the Southern district of Mississippi on the original bond. Lambert Bros. intervened in that suit and obtained judgment against the sureties for the amount due them on their subcontract, $1,457.70. Previously they had filed suit in the civil district court for the parish of Orleans, La., against the National Surety Company, and obtained a final judgment prior to their intervention. This judgment the National Surety Com-

pany subsequently paid, and obtained a subrogation from Lambert Bros. to all their rights against the sureties on the original bond. The instant suit is brought in the name of Lambert Bros., but for the benefit of the National Surety Company, without that company being named in the pleadings.

As the parties are all citizens of Louisiana, and the amount involved does not exceed $3,000, the question of jurisdiction obtrudes itself at the outset, as this is a question that the court must consider and decide whether it is raised by the parties or not. Judicial Code, § 37 (Comp. St. § 1019); Rosenbaum v. Bauer, 120 U. S. 459, 7 Sup. Ct. 633, 30 L. Ed. 743.

[1] It is contended by plaintiffs that the United States is presumed to be the real plaintiff in this suit, and therefore this court has jurisdiction, regardless of diversity of citizenship or amount involved. Undoubtedly in the original suit in the Southern district of Mississippi the United States is to be considered the real party plaintiff, but this is on the theory that the government is interested in seeing that all parties furnishing labor or materials necessary for the completion of the work be paid. The United States has no such interest in the instant case, which is purely a controversy between sureties. It is settled that the mere fact that a suit is based on a judgment of the United States court does not of itself raise a federal question (Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543), and furthermore there is not sufficient amount involved in this case to give the court jurisdiction. If it be considered that the suit is one under the act of 1905, then it could only be brought in the district where the contract was performed, the Southern district of Mississippi, and that court has ample jurisdiction to bring the parties before it and enforce its judgment in some appropriate way. U. S. v. Congress Construction Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. 163.

[2] The question then remains as to whether this court has ancillary jurisdiction to enforce the judgment of the District Court for the Southern District of Mississippi. I do not think it was the intention of Congress to require the laborer or materialman, obtaining a judgment against the surety on a bond given under the act of 1905, to go elsewhere to enforce the judgment. There are cases holding that courts of the United States have ancillary jurisdiction in equity and bankruptcy in aid of another federal court; but the instant suit is at law, and has all the elements of an original proceeding. If it is necessary to sue upon the judgment obtained under the provisions of the act of 1905 at the domicile of the sureties, it seems to me that jurisdiction would be governed by the statute limiting the general jurisdiction of the District Courts.

As there is neither diversity of citizenship nor sufficient amount involved to give this court jurisdiction, the case must be dismissed.