MITCHELL, INSURANCE COMMISSIONER OF CALIFORNIA, *v.* MAURER ET AL.

No. 54. Argued November 7, 8, 1934.—Decided December 3, 1934.

238

*Mr. Frank L. Guereña* for petitioner.

*Messrs. Edward D. Lyman* and *P. B. Plumb* submitted for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

International Re-Insurance Corporation is organized under the laws of Delaware. It had a place of business and real and personal property in California. On April 19, 1933, the Court of Chancery of Delaware appointed Arthur G. Logan of that State, Carl M. Hansen of Pennsylvania, and George deB. Keim of New Jersey, primary receivers of all its property. The statutes of Delaware purport to vest in receivers so appointed title, as quasi-assignees, to all property, wherever located, except real estate not situated within the State. R. S. Del. § 3884. The order appointing the primary receivers authorized them to apply in other jurisdictions for the appointment of ancillary receivers. On the day of their appointment, they filed, in the federal court for southern California, a petition, or bill, praying that ancillary receivers be ap-

pointed of property there located. The prayer was granted *ex parte.* W. H. Comstock of California and deB. Keim were appointed ancillary receivers. And an order issued enjoining all persons from interfering with their possession and control.

On the same day, E. Forrest Mitchell, the Insurance Commissioner of California, filed, in the Superior Court of that State, a petition praying that he be placed in the possession of the property and business of the Corporation. That court entered immediately an order temporarily enjoining the Corporation from disposing of its property in California; and ordered the Insurance Commissioner to take possession thereof. Its license to transact the business of workmen's compensation insurance in California had been revoked by the Commissioner prior to the appointment of the primary receivers.

Service was promptly made of the orders issued by the two courts. A dispute arose as to the exact times of the filing of the several proceedings; of the entry of the orders; of the service thereof; and of taking possession. To resolve the controversy, the Insurance Commissioner filed in the federal court, on May 2, 1933, a motion to vacate its order appointing the ancillary receivers; to dissolve the restraining order; and to dismiss the petition of the primary receivers. The motion alleged that, before the federal court assumed to act, the California court had acquired jurisdiction and the Insurance Commissioner had actually taken possession of the Corporation's property. It charged, among other things, that the petition of the primary receivers on which the appointment of the ancillary receivers had been made, did not state facts sufficient to give the court jurisdiction of the subject matter or of the parties; and that both the order of appointment and the restraining order were, therefore, invalid.

At the hearing of the motion, it was admitted that " the situation presented is within the California statute providing for proceedings against delinquent insurance companies"; that the California assets of the Corporation " were in the possession of the Insurance Commissioner at the time of the appointment and qualification of the receivers appointed by the district court "; and that the proceeding brought by the primary receivers had been filed a few minutes before the Insurance Commissioner made his application to the state court. On these facts, the District Court held, that since the proceeding brought by the primary receivers was " first filed in this court, jurisdiction of the *res* is in the district court." Upon a rehearing had on additional affidavits, the court reaffirmed its denial of the motion to vacate the order appointing the ancillary receivers.

From this judgment, the Insurance Commissioner appealed to the Court of Appeals. There he contended that the original proceeding, in which the primary receivers petitioned for the appointment of ancillary receivers, was not a bill of complaint and was insufficient to confer jurisdiction upon the District Court; cf. *McCandless* v. *Furlaud*, 68 F. (2d) 925;[1] that the subsequent amendments, purporting to state a cause of action against the Corporation, were inoperative to sustain the jurisdiction of the federal court because they were not filed until after the state court had acquired possession of the property; and that the bill, even as amended, did not state a cause of action in which a valid order appointing ancillary receivers could be made.

The Court of Appeals, in an elaborate opinion, affirmed the judgment of the District Court, 69 F. (2d) 233. It did not pass upon the Commissioner's contention that the

---

[1] For disposition of the case by this Court, see *ante*, p. 67.

ancillary appointment could not be made upon the bill as it was originally filed, because it held that the subsequent amendments related back to the commencement of the proceedings. It overruled his objection that the bill failed to allege that the Corporation was insolvent or that the complainant in the primary suit was a judgment creditor, on the ground that any such defects were cured by the amendments or waived by the Corporation's answer. It held that the rule of *Booth* v. *Clark,* 17 How. 322, did not prevent the appointment of ancillary receivers, because here the primary receivers did not ask that they themselves be appointed ancillary receivers, and did ask specifically that the " rights of creditors in the foreign jurisdiction be safeguarded." It concluded that the state and federal courts had concurrent jurisdiction of the subject matter; and that the federal court was entitled to exercise its jurisdiction, because of the prior filing in it of the proceedings for the appointment of ancillary receivers.

Although the Court of Appeals discussed, also, questions of federal jurisdiction and venue, it did not refer specifically to the fact that a lack of diversity of citizenship appeared affirmatively, on the amended pleadings, one of the primary receivers as well as the Corporation being a citizen of Delaware. Nor was this fact relied upon by the Insurance Commissioner in his petition for certiorari or in oral argument here. He prayed for the writ solely on the ground that the Court of Appeals should have decided that " the original bill filed in the District Court was insufficient to state a cause of action or to confer jurisdiction "; and that the amendments thereto filed after the commencement of the suit in the state court could not operate to cure the defects of the original bill. But, as the lack of diversity of citizenship appears upon examination of the record, we have no occasion to pass upon the contentions made. The order appointing the

ancillary receivers must be set aside because the District Court lacked federal jurisdiction of the cause.

*First.* If the jurisdiction of the District Court must rest on diversity of citizenship, it fails because one of the plaintiffs is a citizen of the same state as the defendant. *Hooe* v. *Jamieson,* 166 U. S. 395. The proceeding in the District Court was entitled " Bertha E. Maurer v. International Re-insurance Corporation "; and that title has been used in all later proceedings in that court, in the Court of Appeals and in this Court. If Bertha E. Maurer had actually been the plaintiff, there would have been diversity of citizenship; for she is a citizen of New Jersey. But, in fact, Bertha E. Maurer was not a party to the application for the appointment of the ancillary receivers; was not later made a party to the suit; and has not appeared at any stage of the proceedings. Her name was used, doubtless, because she was the plaintiff in the suit against the Corporation brought in the Court of Chancery of Delaware in which the primary receivers were appointed.[2] The application in the case at bar for the appointment of ancillary receivers was made by, and in the name of, the primary receivers. They sue as quasi-assignees claiming to be entitled to the possession of the balance of the California property after its administration by the District Court of California. In the original application filed April 19, 1933 they called themselves petitioners. In the amendments filed ·six days later, the application is called a " bill of complaint." It is so designated in the answer of the Corporation, filed at the same time. We necessarily treat the primary receivers as the plaintiffs.

---

[2] Similarly, in *McCandless* v. *Furlaud, ante,* p. 67, the petition for the appointment of ancillary receivers filed by the primary receivers in the federal court for southern New York, bore the title of the suit in the federal court for western Pennsylvania which appointed them.

*Second.* Apparently this lack of diversity jurisdiction was regarded as immaterial by the Court of Appeals, on the ground that the suit was an ancillary one. For the opinion states: " Finally it has been held that an ancillary suit in a Federal court does not depend on diverse citizenship." This position is adopted in the brief of the primary receivers, but the contention is unsound. Where the jurisdiction of a federal district court is based upon diversity of citizenship, proceedings therein in intervention being ancillary, the jurisdiction rests upon that of the main cause. *Cincinnati, I. & W. R. Co.* v. *Indianapolis Union Ry. Co.,* 270 U. S. 107. The same rule is applicable to sustain jurisdiction of independent suits which are ancillary to an original suit in the same court. *White* v. *Ewing,* 159 U. S. 36. Whether the rule may ever be applied to a suit brought in a federal court of another district; and whether a suit for the appointment of ancillary receivers in another federal district is an ancillary suit within the meaning of the rule does not appear to have been decided by this Court.[3] We need not decide either question now. For the rule can have no application where primary receivers appointed by a state court bring a suit for the appointment of ancillary receivers in the federal court for another State. Obviously such an application is not ancillary to any proceedings in any federal court. It is an independent original bill. Being such, it cannot be sustained when diversity of citizenship

---

[3] In *Raphael* v. *Trask;* 194 U. S. 272, 278, it is intimated that the jurisdiction of a federal court cannot be based upon an original suit in another federal court. Some of the lower courts have so held. *Winter* v. *Swinburne,* 8 Fed. 49, where the subject was fully discussed. Compare *United States* v. *Pedarre,* 262 Fed. 839; *Sullivan* v. *Swain,* 96 Fed. 259. But see *Bluefields S. S. Co.* v. *Steele,* 184 Fed. 584, 587. Compare *Trustees System Co.* v. *Payne,* 65 F. (2d) 103, and *Walker* v. *United States Light & Heating Co.,* 220 Fed. 393, which concern requisites of equity, rather than federal, jurisdiction.

does not exist and no other ground of federal jurisdiction is shown.

*Third.* Unlike an objection to venue, lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties. An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review.[4] *Mansfield, C. & L. M. Ry. Co.* v. *Swan,* 111 U. S. 379, 382. Hence, the failure of the Insurance Commissioner to claim, in his petition for certiorari, that the order of the District Court was void for lack of federal jurisdiction of the suit, and his failure otherwise to call to the attention of this Court the lack of diversity of citizenship are immaterial. The Court of Appeals pointed out [p. 238] that under Judicial Code § 274 (c), where " jurisdiction of the district court is based upon the diverse citizenship of the parties, and such diverse citizenship in fact existed at the time the suit was brought . . . though defectively alleged, either party may amend at any stage of the proceedings *and in the appellate court* upon such terms as the court may impose." But, in the case at bar, the admitted facts preclude such an amendment. Diversity of citizenship confessedly did not exist.

The judgment is reversed and the cause is remanded to the District Court with directions to dismiss the bill for want of federal jurisdiction.

*Reversed.*

---

[4] The order appointing ancillary receivers attacked in *McCandless* v. *Furlaud, ante,* p. 67, on the ground that the court was without federal jurisdiction, had been entered, not in the suit there under review, but in a separate proceeding in the same court.