9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Audrey L. MICKEY, Plaintiff-Appellant,
v.
THIRD FEDERAL SAVINGS & LOAN ASSOCIATION; Gerome Stefanski,
President; Marc A. Stefanski, Chairman of the Board, Chief
Executive Officer; Timothy J. Riley, aka T.J. Riley;
Patrick J. Cooney, aka P.J. Cooney; Donald Kuse; Kathleen
Kuse, Defendants-Appellees.
 No. 93-3468.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MERRITT, Chief Judge; JONES, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio plaintiff, Audrey L. Mickey, appeals from a district court order granting defendants' motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking one million dollars in damages and other relief, plaintiff brought suit alleging violations of 42 U.S.C. Secs. 1981, 1983 and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. She also alleged pendent state law violations. The case came before the district court on defendants' motion to dismiss. The district court concluded that plaintiff alleged no facts on which to base a claim of a federal question under 28 U.S.C. Sec. 1331 and no claim of diversity of citizenship pursuant to 28 U.S.C. Sec. 1332. Accordingly, the district court granted the motion to dismiss on behalf of all the defendants pursuant to Fed.R.Civ.P. 12(b)(1) for want of subject matter jurisdiction. Plaintiff appeals from that order.
 
 
 3
 The standard of review on the issue of subject matter jurisdiction is de novo. Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review'." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (quoting Mitchell v. Maurer, 293 U.S. 237, 244 (1934)).
 
 
 4
 Upon review, we find no error. None of the defendants acted under color of state law for purposes of Sec. 1983. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). No diversity of citizenship existed under 28 U.S.C. Sec. 1332. Plaintiff's other issues also lacks merit.
 
 
 5
 Accordingly, the order of the district court granting defendants' motion to dismiss for want of subject matter jurisdiction is hereby affirmed for the reasons set forth in the district court's memorandum of opinion dated March 25, 1993. Rule 9(b)(3), Rules of the Sixth Circuit.