33 F.3d 55
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clifford E. SMITH, Jr., Plaintiff-Appellant,
v.
Tom KELLY, also known as Richard J. Sirbello, doing business
as Jemklan and Associates, Inc.; Mitchell A.
Leutenberg; Jay Leutenberg; Estelle
Leutenberg; Frank E. Wrenick,
Defendants-Appellees.
 No. 93-6476.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1994.
 
 1
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Clifford E. Smith, Jr., a pro se Kentucky litigant, appeals a district court order dismissing his civil complaint filed pursuant to 28 U.S.C. Sec. 1332. Additionally, he has filed a motion requesting defendant Wrenick to give a deposition. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1982, defendant Kelly, who is a citizen of Ohio, contacted Smith, who at the time was an attorney licensed to practice law in the Commonwealth of Kentucky, regarding Smith accepting and handling a legal matter for Kelly in Kentucky. The events that transpired thereafter are disputed between the parties. Suffice it to say that Kelly caused a complaint to be filed against Smith with the Kentucky Bar Association, which resulted in the Kentucky Supreme Court suspending Smith's license to practice law in 1984. The order of suspension has not, as of this date, been lifted.
 
 
 4
 Smith filed two separate complaints in the District Court for the Eastern District of Kentucky, claiming that Kelly's statements and actions in retaining Smith services, or at the least, attempting to retain his services in 1982, were fraudulent, that Kelly's complaint to the Kentucky Bar Association was unfounded, and that the statements made in support of the complaint were false. Smith alleged that the three Leutenberg defendants were employees of Jemklan and Associates, Inc., along with Kelly. Smith alleged that defendant Wrenick falsely notarized Kelly's name to the complaint filed with the Kentucky Bar Association when Kelly's actual name was Sirbello. Both complaints were consolidated by order of the district court.
 
 
 5
 The defendants filed motions to dismiss, advancing different arguments in support, including res judicata, laches and statute of limitations, and lack of subject matter jurisdiction. The matter was referred to a magistrate judge who issued a report recommending that the motions to dismiss be granted. Despite Smith's objections, the district court adopted the report and recommendation in an order filed September 7, 1993. Reconsideration was denied in an order filed October 27, 1993.
 
 
 6
 On appeal, Smith argues: (1) that the district court erred when it dismissed the complaint on the basis that it constituted an impermissible collateral attack on Smith's 1984 disbarment; (2) that the district court erred when it refused to grant Smith's request for discovery; and (3) that the district court did not comply with the standards of the Sixth Circuit when it dismissed the complaint.
 
 
 7
 The standard of review on the issue of subject matter jurisdiction is de novo. Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.' " Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (quoting Mitchell v. Maurer, 293 U.S. 237, 244 (1934)).
 
 
 8
 Upon review, we conclude that the district court properly dismissed the complaint for lack of subject matter jurisdiction. Smith's complaint is essentially a collateral attack on the decision of the Kentucky Supreme Court regarding its decision to suspend Smith's license to practice law and its underlying factual findings regarding the circumstances of the relationship between Smith and the defendants in 1982. State supreme court decisions concerning disbarment are not subject to collateral attack in the district court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Ginger v. Circuit Court for Wayne County, 372 F.2d 621, 625 (6th Cir.) (per curiam), cert. denied, 387 U.S. 935 (1967). Smith cannot invoke the jurisdiction of the federal courts merely by couching his claim for relief as a diversity action based on fraud when he is actually seeking relief for the suspension of his license to practice law.
 
 
 9
 Upon further review, we conclude that the district court did not abuse its discretion when it denied Smith's motion for discovery as moot. Lavado v. Keohane, 992 F.2d 601, 604 (6th Cir.1993); Chrysler Corp. v. Fedders Corp., 643 F.2d 1229, 1240 (6th Cir.), cert. denied, 454 U.S. 893 (1981). Because Smith's complaint constituted an impermissible collateral attack on Smith's 1984 disbarment, any discovery could not have changed the nature of the collateral attack on the disbarment.
 
 
 10
 Finally, we find no merit to Smith's claim that the district court failed to comply with the standards of the Sixth Circuit when it dismissed the complaint for lack of subject matter jurisdiction. The district court acted in accordance with prior holdings of this circuit.
 
 
 11
 Accordingly, the motion requesting defendant Wrenick to give a deposition is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation