**Ronald Jerome POWELL,
Plaintiff–Appellant,**

v.

**KEMP, Judge, Defendant–Appellee.**

No. 02–3161.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

*ORDER*

Ronald Jerome Powell, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his civil complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Powell brought this civil action seeking review of an adverse legal ruling against him, made by Magistrate Judge Terence P. Kemp, in *Ronald Jerome Powell v. Netcare Corp., et al.,* MS–2–01–15 (S.D.Ohio 2001). In an initial screening report and recommendation, Magistrate Judge Mark R. Abel recommended that the civil action be dismissed for failure to allege a basis for subject matter jurisdiction and for failure to state a claim for relief. The district court adopted Magistrate Judge Abel's

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

recommendation over Powell's objections. This timely appeal followed.

The standard of review on the issue of subject matter jurisdiction is de novo. *See Greater Detroit Res. Recovery Auth. v. EPA,* 916 F.2d 317, 319 (6th Cir.1990). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (quoting *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934)).

Upon review, we conclude that the district court properly dismissed the complaint for lack of subject matter jurisdiction. The general rule is that pro se pleadings are held to a less stringent standard than the formal pleadings drafted by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The complaint in this case does not allege a basis for federal subject matter jurisdiction, nor does it state a claim for relief. Rather, the complaint alleges that the effect of Magistrate Judge Kemp's order was to deny him discovery. Powell's remedy, if any, was to appeal that discovery order. He did not. In an attempt to get around that order, Powell tendered the instant complaint. Powell cannot circumvent the appeal of this order by instituting a new lawsuit. Therefore, this action was properly dismissed for lack of subject matter jurisdiction and for failure to state a claim.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.