**BRANDNER CORP., Plaintiff,**

**v.**

**V–FORMATION, INC., Richard Stelnick, Defendants–Appellants,**

**Jeannette Brandner, Defendant–Appellee,**

**Howard Fritz, Dominic Santillo, Laser Skate Co., V–Line, Inc., Bruce Kaufman, Mark Kaurman Aeroflex International, Inc., George Smith and Robert Corliss, Defendants.**

No. 02–9503.

United States Court of Appeals, Second Circuit.

Sept. 22, 2003.

Richard W. Hanes, Hanes & Schultz, P.C., Colorado Springs, Co (Louis J. Muggeo, Louis J. Muggeo & Associates, Salem, MA, on the brief), for Appellant.

Ian Wallach, Luce, Forward, Hamilton & Scripps LLP (Kimball Ann Lane on the brief), New York, NY, for Appellee.

Present: JACOBS, SOTOMAYOR, Circuit Judges.[*]

### SUMMARY ORDER

Appellee Jeannette Brandner seeks enforcement of a licensing agreement she entered into with appellants V–Formation, Inc. and Richard Stelnick as part of the full settlement of their cross-claims in the above-captioned action. The district court (Rakoff, J.) granted judgment in favor of Brandner. A serious question remains, however, concerning whether the district court had jurisdiction to enforce the licensing agreement, which settled cross-claims that the district court had previously dismissed without retaining jurisdiction, when it purported to reserve such jurisdiction as part of a second "global" settlement agreement. We remand to the district court for further explanation of its basis for jurisdiction. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) ("[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review' . . . ." (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934))).

Appellee and appellants were co-defendants in the underlying lawsuit. In December 1997, having executed the licensing agreement at issue on appeal, they entered into a partial stipulation and order, signed by the district court on December 22, 1997, dismissing in full their respective cross-claims with prejudice. (R. on Appeal, Doc. 109) The dismissal order did not include or reference the parties' agreement.

Ordinarily, a federal district court does not retain jurisdiction to enforce a settle-

---

[*] The Honorable Fred I. Parker, who was a member of this panel, died following argument, and this appeal is being decided by the two remaining members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).

ment agreement unless it does so pursuant to the explicit terms of the agreement itself or the agreement is incorporated into its order of dismissal. *Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 381–82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Moreover, it is well-established that federal courts' limited power of jurisdiction over cases "authorized by Constitution and statute" is "not to be expanded by judicial decree," *Kokkonen,* 511 U.S. at 377, and that "lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934); *see also FDIC v. Hillcrest Assoc.,* 66 F.3d 566, 568 (2d Cir.1995) (noting that a lack of subject matter jurisdiction "cannot be cured by waiver").

Because enforcement jurisdiction was not originally preserved in the district court's dismissal of the cross-claims, under *Kokkonen* there would be no basis for the district court to have rendered its decision concerning the licensing agreement. On May 28, 1998, however, after a settlement conference initiated by appellants—at which both parties to this appeal were present and represented by counsel—and conducted largely off the record, the district court entered a second order dismissing "all claims against all parties" to the lawsuit in light of a settlement agreement reached during the conference, and providing that "pursuant to the parties' agreement given on May 26, 1998, the Court will retain exclusive jurisdiction to enforce the [May 1998] agreements and to resolve any disputes that may arise under these agreements or under the settlement agreement as to the cross-claims previously entered into by various of the defendants as reflected in the previously entered Partial Stipulation of Dismissal dated December 22, 1997." (R. on Appeal, Doc. 115)

The district court's rationale and legal basis for its *ex post facto* assertion of jurisdiction is unclear. Appellee suggests that both she and appellants' continuing interest in the "global" settlement provided a basis for the district court's assertion of jurisdiction by noting that she was still a party to the overall action at the time the settlement conference took place. (Letter from Ian M. Wallach to this Court of 08/14/03) Nevertheless, given that the cross-claims had been settled and dismissed with prejudice, it is not clear how appellee was still a party to the lawsuit at that time. Nor does the May 28, 1998 order explain why, if at all, it was necessary or permissible for the district court to have asserted jurisdiction over claims that had been dismissed or whether the agreement settling the extant claims before the court at that time should be viewed, as appellee suggests, as the district court exercising its "capacity to withdraw the December 22, 2002 [*sic*] order of dismissal, reinstating the cross-claims." *Id.*

Pursuant to the procedure outlined in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994), we remand this case to the district court to supplement the record with further findings and conclusions—by holding a hearing if necessary—concerning its basis for asserting jurisdiction over the previously dismissed claims in conjunction with the May 28, 1998 settlement.

For the foregoing reasons, we RE-MAND the case to the district court for further findings. After the district court has made the findings required by this order, jurisdiction will automatically be restored to this Court without the need for an additional notice of appeal; the returned appeal will be assigned to this panel.