Jay SACKMAN; Kenneth Brown, as Trustee of Local 1115 Health and Benefits Fund, and Local 1115–New Jersey North, Seiu, AFL–CIO, CLC,

v.

TEANECK NURSING CENTER d/b/a Teaneck Nursing Home; Long Term Care Consultants, Inc., Appellants.

No. 02–1083.

United States Court of Appeals, Third Circuit.

Argued Nov. 18, 2003.

Decided Dec. 4, 2003.

David F. Jasinski, Howard A. Matalon [Argued], Jasinski & Williams, Newark, NJ, for Appellants.

Richard M. Greenspan [Argued], Richard M. Greenspan, P.C., Elmsford, NY, for Appellees.

Before RENDELL, BARRY and CHERTOFF, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Trustees of a union benefit fund governed by ERISA ("the Fund") brought an action against Teaneck Nursing Center seeking reimbursement for benefits it paid on employee medical claims while the Union was arbitrating the sufficiency of Teaneck's new benefits plan. The District Court granted summary judgment in favor of the Fund on its unjust enrichment claim, and Teaneck appeals. Although Teaneck identifies several issues on appeal, we will not reach the merits of those issues. Because we find that the District Court did not have jurisdiction to consider the Fund's claim under the theory advanced by the Fund in its motion for summary judgment, we will vacate the order

granting summary judgment, and we will remand, instructing the District Court to dismiss the cause of action, unless there are other properly presented claims. *See infra* note 2.

As we write exclusively for the parties, we will set out only those facts that are relevant to our disposition of the appeal. Pursuant to the terms of a collective bargaining agreement ("CBA"), the Local 1115 Health and Benefits Fund provided medical coverage for employees of Teaneck Nursing Center. The Fund was an ERISA-qualified, multi-employer, defined contributions plan, which was jointly administered by trustees designated by the Union and Teaneck. In late 1996, Teaneck decided to exercise its right under the CBA to replace the Fund with its own self-funded benefits plan. The new plan went into effect on January 1, 1997, and it paid medical claims properly submitted to it by Teaneck employees from its inception.

The Union challenged the new plan in arbitration, seeking a determination that the new plan was not equivalent to the Fund's plan, as was required by the CBA. Teaneck prevailed in the arbitration, which ended with an opinion and award dated February 17, 1998. During the course of the arbitration, which lasted for over a year, many employees properly submitted their claims to Teaneck under the new plan; however, some employees continued to submit their medical claims to the Fund, and it paid $33,233.67 in claims up until September 1997. The Fund then filed suit in the United States District Court for the District of New Jersey, alleging that Teaneck should pay the Fund for claims paid, based on a theory of unjust enrichment. After considering the parties' arguments on cross-motions for summary judgment, the District Court, in an oral opinion, granted summary judgment in favor of the Fund on its unjust enrichment claim.[1] Teaneck filed this timely appeal.

Even where the parties do not contest jurisdiction, every federal appellate court is obligated, in every case it considers, to "satisfy itself not only of its own jurisdiction, but also that of the lower courts." *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338 (1934); *see Lewis v. Int'l Bhd. of Teamsters*, 826 F.2d 1310, 1312 (3d Cir.1987). In doing so in the case before us, it becomes apparent that the District Court lacked subject matter jurisdiction over the unjust enrichment claim that the Fund asserted under § 502(a)(3) of ERISA.[2] 29 U.S.C. § 1132(a)(3) (2003).

1. The order granting summary judgment is strangely inconclusive regarding the issue of damages. The District Court awarded the full amount sought by the Fund, but gave Teaneck sixty days to determine whether any of the claims that factored into that total would not have been paid by the new plan. The amount corresponding to any claims that would not have been covered by the new plan would then have been subtracted from the total sought by the Fund. However, no procedure was established for any determination by the Court, and no subsequent hearing was scheduled. And, Teaneck never came forth to dispute any specific claims paid. Because more than sixty days has elapsed since the order was filed, the parties agree that the order is effectively final on the issue of damages, for purposes of our jurisdiction under 28 U.S.C.

§ 1291, as the task of requesting that a final order be entered is purely ministerial in nature. As we dispose of this case by finding that the District Court lacked subject matter jurisdiction at the outset, we need not examine further the nature of the damages award.

2. We note that in its complaint, the Fund listed several statutory provisions as providing a basis for jurisdiction in the District Court, including 29 U.S.C. §§ 1132(g) and 1145. The District Court did not discuss whether a claim under § 1145 for delinquent contributions was articulated in the complaint or pursued by the Fund during the litigation, and the Fund's submissions related to the motions for summary judgment refer exclusively to the concept of unjust enrichment. Further, at oral argument, counsel for the

We reach this conclusion in light of the Supreme Court's decision in *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), in which the Court examined the scope of the phrase "other appropriate equitable relief" in § 1132(a)(3).[3] We alerted the parties to our concern in this regard before oral argument, and they have had the opportunity to address this issue.

In *Great–West*, the Court rejected a claim for restitution brought under § 1132(a)(3) as falling beyond the reach of "other appropriate equitable relief" as contemplated by Congress when it constructed that provision of ERISA. The Court drew a distinction between restitution traditionally available in equity and restitution traditionally available at law:

> In cases in which the plaintiff "could *not* assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him," the plaintiff had a right to restitution *at law* . . . .
>
> In contrast, a plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession. . . . Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

*Great–West*, 534 U.S. at 213–14. According to the Court in *Great–West*, the former is a type of relief that may be sought under § 1132(a)(3), and the latter is not. *Id.* at 221.

Here, the Fund seeks to recover the amount that it paid on medical claims submitted by Teaneck employees over a period of eight months. The trustees do not identify a specific block of money that passed from the Fund to Teaneck; rather, they seek to impose a form of "personal liability" on Teaneck based on what is essentially an implied contract for services the Fund allegedly rendered, and benefits received by Teaneck. The Fund contends that it conferred a benefit on Teaneck when it paid employee medical claims that would have been paid by Teaneck, had they been submitted under the new plan, and that compensation for that benefit is due. This is essentially a form of restitution that was traditionally available only at law. Thus, under *Great–West*, the trustees of the Fund may not assert a cause of action under § 1132(a)(3), as the relief that they seek is legal relief, not "other appropriate equitable relief."

Fund indicated that the Fund was only pursuing a claim for equitable relief under § 1132(a)(3). Nonetheless, the District Court may, on remand, examine the complaint to determine whether other theories of recovery were sufficiently pled by the Fund. If it finds that a cause of action under §§ 1132(g) and 1145 has been stated and could properly be pursued by the Fund on the facts of this case, such a claim would be cognizable under ERISA, and that portion of the complaint could proceed notwithstanding our ruling on the § 1132(a)(3) claim.

3. The relevant portion of the statute reads:

> A civil action may be brought ... by a ... fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3) (emphasis added).

Accordingly, we will VACATE the order granting summary judgment in favor of the Fund and REMAND to the District Court so that it can dismiss the Fund's complaint, unless there are other claims that should be allowed to proceed as we noted above, *see supra* note 2, in which event only the claim for unjust enrichment under § 1132 should be dismissed.