# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2011

No. 10-30827
Summary Calendar

Lyle W. Cayce
Clerk

LANNY RAY WALTERS; LOIS ANN WALTERS,

Plaintiffs - Appellants

v.

DONALD R. SMITH; OVERTON BROOKS VETERANS AFFAIRS MEDICAL
CENTER,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-1778

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff Lanny Walters allegedly received negligent medical care from
defendants Dr. Donald Smith and Overton Brooks Veterans Affairs Medical
Center in June 2007. Walters and his wife, Lois Walters, sued Smith and
Overton Brooks under the Federal Tort Claims Act (FTCA) in federal court on

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 10-30827

October 13, 2009. Walters and Smith are both residents of Louisiana. Adopting a magistrate judge's report and recommendation, the district court dismissed the Walters' action for lack of subject matter jurisdiction. The Walters appealed.

Federal subject matter jurisdiction is limited and must be conferred by Congress within the bounds of the Constitution. *See, e.g.*, U.S. CONST. art. III, § 2; *Cary v. Curtis*, 44 U.S. 236, 245 (1845); *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 176, 179 (1803). Litigants cannot bestow subject matter jurisdiction on federal courts by waiver or consent. *See, e.g.*, *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).

The Walters do not contend that there is federal question or diversity jurisdiction over this action, and we conclude that there is no such jurisdiction. The Walters and Smith are not diverse, *see, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005) (observing that 28 U.S.C. § 1332 requires complete diversity), and no federal question is presented on the face of the Walters' complaint. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (observing that 28 U.S.C. § 1331 requires a federal question to be presented on the face of the plaintiff's properly pleaded complaint).

The Walters contend that the FTCA confers federal jurisdiction over this action. Federal district courts have "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). It is well established that FTCA claims may be brought against only the "United States," and not the agencies or employees of the United States. *See, e.g.*, 28 U.S.C. §§ 2671, 2679(a), (b)(1) (providing that FTCA

2

No. 10-30827

does not authorize suits against federal agencies, and FTCA remedy is exclusive with respect to injuries caused by federal employees acting within the scope of their employment); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction."); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in an FTCA action is the United States."); *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000) (The "FTCA requires that the named defendant in an FTCA action be the United States and only the United States."); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). Indeed, we have specifically found that the Department of Veterans Affairs and its doctors are not proper parties to an FTCA action. *Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975); *see also Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). In short, the FTCA does not provide a jurisdictional basis for the Walters' claims against Smith and Overton Brooks.

The Walters did not seek leave from the district court to amend their complaint to assert claims against the United States, nor do they assert on appeal that they are entitled to such relief. Because there is no jurisdictional basis for the Walters' claims against Smith and Overton Brooks, this action was properly dismissed.

AFFIRMED.