16-410
*District Attorney of New York County v. Republic of the Philippines*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand sixteen.

Present: ROBERT A. KATZMANN,
　　　　　　　　*Chief Judge*,
　　　　RALPH K. WINTER,
　　　　　　　　*Circuit Judge,*
　　　　SIDNEY H. STEIN
　　　　　　　　*District Judge*.[*]

_____

DISTRICT ATTORNEY OF NEW YORK
COUNTY,

　　　　　　　*Plaintiff-Appellee*,

　　　v.　　　　　　　　　　　　　　　　　　　No. 16-410

THE REPUBLIC OF THE PHILIPPINES,

　　　　　　　*Interpleader Defendant-Intervenor*,

VILMA BAUTISTA,

　　　　　　　*Interpleader Defendant, Cross Defendant,*

ESTER NAVALAKSANA, LEONOR HERNANDEZ, AIDA
HERNANDEZ, IMELDA MARCOS, JORGE Y. RAMOS,

_____

[*] Judge Sidney H. Stein, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

1

METROPOLITAN MUSEUM OF MANILA FOUNDATION, INC.,

*Interpleader Defendants*,

JOSE DURAN, ON HIS BEHALF AND AS REPRESENTATIVE OF A CLASS OF JUDGMENT CREDITORS OF THE ESTATE OF FERDINAND E. MARCOS, IMELDA MARCOS, AND FERDINAND R. MARCOS,

*Interpleader Defendant-Appellant*.[1]

_____

For Interpleader Defendant-Intervenor: BRADLEY D. SIMON, Simon & Partners LLP, New York, NY.

For Interpleader Defendant-Appellant: ROBERT A. SWIFT, Kohn, Swift & Graf, P.C., Philadelphia, PA; Philip S. Raible (*on the brief*), Rayner Rowe LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the order of the district court is **AFFIRMED**.

Interpleader defendant-appellant Jose Duran appeals from an order of the United States District Court for the Southern District of New York (Failla, *J.*), dated January 28, 2016, denying him leave to file a motion to partially vacate a stay of state court proceedings or to enjoin interpleader defendant-intervenor Republic of the Philippines ("the Republic") from litigating in its home forum. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

_____

[1] The Clerk of the Court is instructed to amend the caption to conform to the above.

Duran was a victim of torture by the military in the Philippines under the direction of Ferdinand E. Marcos during a time of martial law and has obtained a judgment against the Marcos estate. In December 2012, Duran commenced a Turnover Petition in state court seeking to recover property belonging to Imelda Marcos, a representative of the Marcos estate, in satisfaction of his judgment. Because some of that property had been seized by the New York District Attorney's Office ("the DA") during a criminal investigation, Duran named the DA as a party to his petition. Duran then served a writ of execution to levy on two paintings in the DA's possession. In February 2014, the DA initiated a federal interpleader action to resolve competing ownership claims to the property it had seized.[2] The Republic, not a party to Duran's state court action, waived its sovereign immunity and became a party to the federal interpleader. The federal and state court actions continued in parallel until February 19, 2015, when the district court issued an oral decision staying the state court action. Several months later, on November 5, 2015, Duran requested leave to file a motion to partially vacate that stay or, in the alternative, to enjoin the Republic from pursuing litigation in the Philippines respecting the interpleaded property. The district court denied Duran's request on January 28, 2016. This appeal followed.

## I. Appellate Jurisdiction

The Republic argues that we lack jurisdiction to hear this appeal because a stay of state court proceedings pursuant to 28 U.S.C. § 2361, which authorizes a district court to enjoin parties from "prosecuting any [domestic] proceeding . . . affecting the property . . . involved in [an] interpleader action," is not an injunction for which interlocutory appeal is available under 28 U.S.C. § 1292(a)(1). We disagree. This Court has repeatedly reviewed anti-suit injunctions issued under 28 U.S.C. § 2361 in an interlocutory posture. *See, e.g.*, *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 149–50 & n.10 (2d Cir. 2016); *Ashton*

---

[2] The DA has since been discharged from that interpleader action. ECF Dkt. No. 88.

3

*v. Josephine Bay Paul & C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1068 (2d Cir. 1990). This is consistent with 28 U.S.C. § 1292(a)(1), which "authorize[s] an [interlocutory] appeal only from an injunctive order that gives, or aids in giving, substantive relief sought in the lawsuit in order to preserve the status quo pending trial." *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 117 (2d Cir. 2010) (per curiam); *see also HBE Leasing Corp. v. Frank*, 48 F.3d 623, 632 (2d Cir. 1995) (holding that appealable interlocutory injunctions are "designed to . . . protect . . . the substantive relief sought by a complaint"). Because the function of an anti-suit injunction in an *in rem* case such as interpleader is to eliminate "the threat a second action poses to the first court's basis for jurisdiction," *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir. 1987), such injunctions are essential to the district court's ability "to preserve the status quo pending trial," *In re Zyprexa*, 594 F.3d at 117, and "protect . . . the substantive relief sought by" the parties, *Frank*, 48 F.3d at 632. Interlocutory appeal of such injunctions is thus permissible.

The Republic next argues that the district court's January 28, 2016 order was not an order "refusing . . . [an] injunction[], or refusing to . . . modify [an] injunction[]," 28 U.S.C. § 1292(a)(1), because it merely denied Duran leave to file a motion. Although the district court's order "did not in terms refuse an injunction, it nonetheless had the practical effect of doing so." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981) (internal quotation marks and alterations omitted); *see also New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758 (2d Cir. 1977) ("[I]t is abundantly clear that the practical, and immediate, effect of the order is the refusal of the injunction sought."). This technicality thus does not preclude appellate review of the district court January 28, 2016 order.

## II.    Subject Matter Jurisdiction of the District Court

Duran argues that the district court lacked subject matter jurisdiction over the federal interpleader action because the state court obtained prior exclusive jurisdiction over certain interpleaded property. The Republic argues that we do not have appellate jurisdiction over this specific issue because it was not addressed in the January 28, 2016 order appealed from or raised in Duran's Notice of Appeal. However, "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). As a result, "if the district court lacked jurisdiction, we . . . have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Merritt v. Shuttle, Inc*., 187 F.3d 263, 268 (2d Cir. 1999) (internal quotation marks omitted).

Under the doctrine of prior exclusive jurisdiction, a federal court does not assume *in rem* or *quasi in rem* jurisdiction if a state court has previously assumed jurisdiction over the same *res*. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939). Here, the district court ruled that the state court had not assumed prior exclusive jurisdiction over the relevant property.[3] "In reviewing a district court's determination of whether it has subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004).

Under Article 52 of the CPLR, "[l]evy upon personal property . . . by service of execution" may be obtained over "any interest of the judgment debtor or obligor in personal property." CPLR § 5232(a). As the parties to this litigation have noted before both the district

---

[3] Several months later, and in violation of the stay imposed by the district court, the state court ruled that it *had* assumed prior exclusive jurisdiction over the relevant property. Because the state court decision followed the district court's jurisdictional ruling and stay, it has no bearing on our review.

court and the state court, there is a dispute as to whether the levied property belongs to Imelda Marcos, against whom Duran possesses a judgment, or to the Republic, whose embezzled funds allegedly funded Imelda Marcos's art collecting. The Republic argues that, in light of this bona fide ownership dispute, no valid levy existed under CPLR § 5232(a) and that the state court thus did not assume prior exclusive jurisdiction. The district court agreed.

Duran, on the other hand, argues that this analysis "puts the cart before the horse," Reply Br. 10, because the levy must necessarily come before adjudication of the parties' respective rights in the property. Duran is correct that levying property is not an adjudication of ultimate right to the property as between the judgment debtor and creditor, but as noted above, property can only be levied if the judgment debtor has "any interest" in that property. CPLR § 5232(a). The Republic argues here that Imelda Marcos, the judgment debtor, has no interest in the relevant property, rendering the levy executed in connection with the Turnover Petition invalid. The New York Court of Appeals has suggested that the sufficiency and legality of a levy are antecedent questions to the assumption of jurisdiction. *See Beardslee v. Ingraham*, 183 N.Y. 411, 419 (1906) ("Assuming that there was a sufficient and legal levy . . . , such levy was effective to give to the federal tribunal exclusive jurisdiction of the property, which could not be disturbed by the state courts." ); *see also Citigroup Glob. Mkts., Inc. v. KLCC Invs., LLC*, No. 06-CV-5466 (LBS), 2007 WL 102128, at *5 (S.D.N.Y. Jan. 11, 2007) (Sand, J.) ("Whether the alternative forum . . . has assumed jurisdiction over the property at issue in this case . . . depends on who owns the property. . . ."). Because the bona fide ownership dispute described above was not resolved before the interpleader action was initiated, the district court correctly determined that it had subject matter jurisdiction.

### III. The District Court's Denial of Leave

Duran also challenges the district court's denial of leave to file a motion to partially vacate the stay of state court proceedings or, in the alternative, to enjoin the Republic from litigating in its home forum. "The district court has wide discretion in determining whether to grant a preliminary injunction, and this Court reviews [its] determination only for abuse of discretion." *Almontaser v. N.Y. City Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir. 2008) (per curiam) (alteration in original). The same standard applies to modification of an injunction. *See Sierra Club v. U.S. Army Corps of Eng'rs*, 732 F.2d 253, 257 (2d Cir. 1984).

The district court did not abuse its discretion by denying Duran leave to file a motion to partially vacating the stay of state court proceedings. All of the arguments Duran raised in support of his proposed modification of the stay were considered by the district court in its initial decision. And, notably, the September 2014 litigation that Duran cites as justifying his request to modify the stay preceded the district court's February 2015 imposition of the stay. Because Duran's modification arguments were already considered in "the underlying [February 2015] order" and he did not present any "new matter" or changed circumstances justifying a modification, *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419 n.4 (9th Cir. 1984), he provides no basis for us to conclude that the district court abused its discretion in denying him leave to file a motion to partially vacate the stay.

Likewise, the district court did not abuse its discretion by denying Duran leave to file a motion to enjoin the Republic from litigating in the Philippines. Foreign anti-suit injunctions are assessed under the *China Trade* test. *See Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 154-55 (citing *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987)). Duran's letter motion to the district court did not mention the *China*

*Trade* test or endeavor to explain why enjoining the Republic, a sovereign nation, from litigating in its home forum would be warranted under that test. As a result, the district court did not abuse its discretion by denying Duran leave to file a motion for a foreign anti-suit injunction against the Republic.

We have considered all of Duran's remaining arguments and find them to be without merit. For the reasons given, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
