15-70-cv
*Wilson v. State Farm Fire & Casualty Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            WILLIAM H. PAULEY III,[*]
                        *District Judge.*

------

WILBERT WILSON,

                *Plaintiff-Appellant*,                              15-70-cv

ROLAND WOOD,

                *Plaintiff*,

                v.

STATE FARM FIRE & CASUALTY COMPANY,
DEBBIE DELIGAN, CLAIM REPRESENTATIVE,

                *Defendants-Appellees.*

------

------

[*] Judge William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**          Wilbert Wilson, *pro se*, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**          Cheryl F. Korman, Rivkin Radler LLP, Uniondale, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court of January 5, 2015, denying a motion for a preliminary injunction be and hereby is **VACATED** on the ground that the District Court lacked subject-matter jurisdiction to grant or deny a preliminary injunction and the cause is **REMANDED**.

Plaintiff-appellant Wilbert Wilson, proceeding *pro se*, appeals an order of the District Court denying the plaintiffs' motion for a preliminary injunction against State Farm Fire & Casualty Company. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Judge Gleeson, who heard the plaintiffs' request for preliminary injunctive relief, denied that request because the plaintiffs failed to show a likelihood of success on the merits. Although this contract dispute does not arise under federal law and the complaint lists the amount in controversy as $14,580, Judge Gleeson did not rule on the question of subject-matter jurisdiction at the emergency hearing, instead leaving the matter to Judge Brodie, to whom this case had been assigned in the ordinary course. Subsequently, the case was dismissed without prejudice by Judge Brodie for failure to prosecute, with the result that there has not yet been any ruling as to whether subject-matter jurisdiction over the complaint exists.

Because the federal courts are courts of limited jurisdiction, "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). Our jurisdiction to review a district court's order denying a preliminary injunction is established by 28 U.S.C. § 1292(a)(1). But we are not satisfied that the District Court had any jurisdiction over this matter. As noted, the plaintiffs' contract claim did not arise under federal law, and the only amount in controversy referred to in the complaint is below the $75,000 needed to invoke diversity jurisdiction. *See* 28 U.S.C. § 1331 (federal question jurisdiction); *id.* § 1332 (diversity jurisdiction); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount. This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." (internal quotation marks and citation omitted)).

Accordingly, we **VACATE** the January 5, 2015 order on the ground that the District Court lacked subject-matter jurisdiction to grant or deny a preliminary injunction, and **REMAND** without prejudice to the plaintiffs' re-pleading in good faith the requisite amount in controversy in the District Court, or to their filing a complaint in state court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk