**Wyndham H. GABHART,**
Plaintiff–Appellant,

v.

**The CITY OF NEWPORT,**
Defendant–Appellee.

No. 00–6455.

United States Court of Appeals,
Sixth Circuit.

Aug. 15, 2001.

Before MOORE and COLE, Circuit Judges; ROSEN, District Judge.*

## ORDER

This pro se litigant appeals a district court judgment dismissing his complaint construed as one filed pursuant to 42 U.S.C. § 1983. The parties have affirmatively waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed.

In 1994, Wyndham H. Gabhart purchased two tracts of land totaling over ten acres in Cocke County, Tennessee. Gabhart made plans to subdivide the land into twenty-one building lots and had the plat approved by the Cocke County Planning Commission. Before the parcels were auctioned, however, the City of Newport (Newport) informed Gabhart that a gravel road running across the property had to be blacktopped according to Newport Region-

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

al Planning Commission (NRPC) regulations.

In June 1998, Gabhart, seeking to prohibit Newport from enforcing its regulations, filed a complaint in the United States District Court for the Eastern District of Tennessee, that was styled a "Petition for Permanent Injunction." Gabhart based his claim on the "Taking Clause," "The Doctrine of Restraint Without Representation," and the Fourteenth Amendment. The district court, characterizing Gabhart's action as one brought pursuant to 42 U.S.C. § 1983 and alleging a violation of the Taking Clause of the Fifth Amendment, dismissed the action on ripeness grounds because Gabhart had not availed himself of the state's inverse condemnation procedure. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186–97, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)(claim is not ripe if available state remedies are not yet pursued to a final decision). This court affirmed the district court's judgment and determined that, to the extent Gabhart asserted an equal protection claim, such a claim was also not ripe. *Gabhart v. City of Newport,* No. 98–6181, 2000 WL 282874, *1 (6th Cir. Mar. 10, 2000).

In August 2000, Gabhart filed the immediate complaint styled "Motion for Injunctive Relief." Once again Gabhart claimed that Newport violated his rights under the Taking Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. Newport filed a motion to dismiss, and Gabhart filed a cross-motion for summary judgment. The district court denied Gabhart's motion for summary judgment and granted Newport's motion to dismiss on res judicata, statute of limitations, and mootness grounds. The district court particularly noted that Gabhart's immediate lawsuit appeared to be a continuation of the earlier lawsuit and that, as far as the court could

tell, Gabhart had still not availed himself of the state's inverse condemnation procedure. The district court also determined that Gabhart's claims were barred by the one-year statute of limitations to the extent that the claims were brought under 42 U.S.C. § 1983, and that any claim for injunctive relief was moot.

Gabhart appeals that judgment pro se, and essentially reasserts the claims that he set forth in the district court. He also asserts for the first time on appeal a claim under the Fair Housing Act.

■ We decline to address Gabhart's Fair Housing Act claim. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993). No such exceptional circumstances are present in this case.

■ This court reviews de novo the dismissal of a claim pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim. *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). Dismissal of a complaint for failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* In addition, the court reviews de novo district court dismissals of cases on res judicata grounds. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660 (6th Cir.1990). The court reviews the denial of a cross-motion for summary judgment for an abuse of discretion. *See Hanover Ins. Co. v. American Eng'g Co.,* 33 F.3d 727, 730 (6th Cir. 1994).

A de novo examination of the record and law supports the judgment on appeal. Accordingly, the district court's judgment is hereby affirmed for the reasons set forth

in the district court's order of October 16, 2000.