NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0938n.06
Filed: November 29, 2005

**No. 04-6330**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **WYNDHAM H. GABHART,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| **v.** | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| **COCKE COUNTY, TENNESSEE, et al.** | ) | **DISTRICT OF TENNESSEE** |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |

**BEFORE: KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.**

**DAMON J. KEITH, Circuit Judge**. Plaintiff-Appellant Wyndham H. Gabhart ("Gabhart")

appeals both the district court's order granting the Defendants-Appellees' motions to dismiss and

the district court's finding that Gabhart's motion for default judgment was moot. For the reasons

set forth below, we **DISMISS** this appeal.

**I. BACKGROUND**

A.      **Factual Background**

The instant appeal arises in the wake of a protracted factual and procedural history that

includes separate, but related state and federal actions. In *Gabhart v. City of Newport*, No. 98-6181,

2000 WL 282874, *1 (6th Cir. March 10, 2000) (unpublished table decision) ("*Gabhart I*"), Gabhart

appealed the district court's order denying Gabhart's request for a stay of subsequently-filed state

court proceedings involving the same issues and dismissing his federal suit on ripeness grounds.

This Court affirmed the district court's finding that Gabhart's claims were not ripe. *Id.*

The following are the relevant facts in *Gabhart I.* Gabhart, an attorney and a resident of Mississippi, purchased ten acres of land in Cocke County, Tennessee, which he planned to subdivide and sell. *Id.* Before he could sell the land, however, the City of Newport, Tennessee ("Newport") intervened and ordered Gabhart to either make specified improvements upon the land before sale or pay Newport "a cash bond in lieu of performance." *Id.* Gabhart objected to the regulations and filed a complaint in the United States District Court for the Eastern District of Tennessee, to prohibit Newport from enforcing compliance with their regulations. Prior to answering Gabhart's federal complaint, Newport filed a complaint in the Chancery Court for Cocke County, Tennessee, on July 2, 1998 ("1998 State Action"). *Id.* Except for submitting a brief challenging jurisdiction, Gabhart admits he made no response to the 1998 State Action. Attempting to stay the 1998 State Action, Gabhart filed a motion in federal district court, which the district court denied. Subsequently, Gabhart appealed the district court's order denying his motion for a stay. In *Gabhart I*, the federal district court had proper jurisdiction, and thus, this Court's jurisdiction was based on 28 U.S.C. § 1291, which states in relevant part, "the courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court."

In 2000, Gabhart filed another complaint in federal district court requesting injunctive relief and claiming, for the second time, that Newport's regulations violated his rights under the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. *See Gabhart v. City of Newport*, 17 Fed.Appx. 268, 269 (6th Cir. Aug. 15, 2001) (unpublished order) ("*Gabhart II*"). Newport filed a motion to dismiss, which the district court granted on res judicata,

statute of limitations, and mootness grounds. *Id.* Gabhart appealed the district court's order. This Court affirmed the district court's decision for the reasons provided by the district court.

On July 16, 2004, Gabhart was representing a client in an unrelated matter before the Chancery Court of Cocke County, when he was informed by the judge in the case that he could not practice in the Chancery Court because he owed costs to the court from his failure to respond to the 1998 State Action. Gabhart now requests that this Court quash and expunge both the sanction and the 1998 State Action.

## B.      Procedural Background

On July 6, 2004, Gabhart filed a civil complaint against the Defendants-Appellees Cocke County, Tennessee, Cocke County Chancery Court, and Craig Wild, the Clerk and Master of the Chancery Court of the Cocke County, Tennessee (collectively "Cocke County") in the United States District Court for the Eastern District of Tennessee at Chattanooga. In the complaint, Gabhart petitioned the federal district court to quash and expunge the 1998 State Action. Gabhart argued that the 1998 State Action violated federal jurisdiction. Specifically, Gabhart alleged that at the time Newport filed the 1998 State Action there was already a pending federal case in the matter, and thus, the filing of the state court action by federal defendant, Newport, violated Fed. R. Civ. P. 13(a). Gabhart argued that the 1998 State Action should have been filed as a compulsory counterclaim in the federal case. Gabhart requested that the district court expunge the 1998 State Action pursuant to the All Writs Act, 28 U.S.C. § 1651.

On July 19, 2004, Cocke County, Tennessee and Craig Wild, the Clerk and Master of the Chancery Court, filed a motion to dismiss Gabhart's Motion to Quash and Expunge the 1998 State Action alleging that: (1) Gabhart failed to state a claim against them upon which relief could be

granted; (2) Gabhart lacked standing to bring the motion before the district court; and (3) Gabhart did not file a complaint against them.

On August 11, 2004, Gabhart filed a motion for default judgment pursuant to Fed. R. Civ. P. 55 alleging that Cocke County failed to answer his Motion to Quash and Expunge within the required 20-day time period as required under Fed. R. Civ. P. 12(a)(1)(A). On August 19, 2004, the Chancery Court filed a motion to extend their time to answer Gabhart's Motion to Quash and Expunge by an additional 20 days, which Magistrate Judge Dennis H. Inman granted. In addition, through counsel, Gabhart supported the Chancery Court's request for additional time to file their answer. On August 20, 2004, Cocke County, Tennessee and the Clerk and Master of the Chancery Court filed their response to Gabhart's motion for default judgment. They argued that they were not required to file an answer while their motion to dismiss for failure to state of claim upon which relief could be granted was still pending.

On August 25, 2004, the Chancery Court filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) alleging: (1) lack of subject matter jurisdiction; (2) lack of standing; (3) failure to state a claim upon which relief can be granted; and (4) the doctrines of res judicata and collateral estoppel. On August 27, 2004, the Chancery Court filed their response to Gabhart's motion for default judgment arguing that they were never served with a summons or complaint in the case and thus did not have knowledge of the case until August 10, 2004. The Chancery Court also pointed out that they requested and were granted an extension of an additional 20 days to file their answer to Gabhart's complaint.

On September 30, 2004, District Court Judge Ronnie Greer issued an order disposing of all pending motions. Specifically, the district court granted the defendants' motions to dismiss. The

district court ruled on the ground that:

> [P]laintiff [Gabhart] has failed to show that he has availed himself of the available procedures for addressing the Chancery Court's award of costs against him, or that those procedures were somehow a violation of his constitutional rights. Plaintiff indicates that he simply did not respond in the state proceeding. There is no indication, had he afforded himself the opportunity to raise claims or defenses in that action, that it would not have provided him an adequate opportunity to do so.

*Gabhart v. Cocke County*, No. 2:04-CV-223 at *3 (E.D.Tenn. Sept. 30, 2004). In addition, the district court concluded that the court's decision to grant the motion to dismiss mooted Gabhart's motion for default judgment. The district court also stated that even if the motion for default judgment was not moot, Gabhart still would not be entitled to relief because the Cocke County defendants filed motions to dismiss and "the granting of default judgment is not appropriate where defendants have filed a motion to dismiss." *Id.*

## II. ANALYSIS

### A. STANDARDS OF REVIEW

Gabhart challenges the district court's grant of Cocke County's motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed R. Civ. P. 12(b)(6) and he challenges the district court's finding that his motion for default judgment was moot. Normally, we review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6). *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004). Additionally, we review *de novo* a district court's decision that an action has been mooted. *Ammex, Inc. v. Cox*, 351 F.3d 697, 704 (6th Cir. 2003) (citing *NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001)); *see also Craft v. United States*, 233 F.3d 358, 373 (6th Cir. 2000) (stating, "[w]e review questions of mootness de novo.").

Before reaching the merits in a case, however, we must first determine whether the district court properly had jurisdiction to issue the order from which Gabhart appeals. "[E]very federal

appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); *see also Cleveland Surgi-Center, Inc. v. Jones*, 2 F.3d 686, 691 (6th Cir. 1993). Furthermore, "jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking . . . ." *United States v. Means*, 133 F.3d 444, 448 (6th Cir. 1998) (quotation marks and citation omitted).

We review *de novo* questions of subject matter jurisdiction. *Bauer v. RBX Indus. Inc.*, 368 F.3d 569, 578 (6th Cir. 2004) (citing *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) ("This forum reviews a district court's subject matter jurisdiction *de novo*.") (citation omitted)).

## B.    DISCUSSION

In his complaint and brief to this Court, Gabhart invoked federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331. Gabhart is incorrect on both grounds. Therefore, because neither the district court below nor this Court has subject matter jurisdiction over the instant case, Gabhart's appeal must be dismissed.

### 1.    Diversity of Citizenship Jurisdiction

In diversity cases, federal courts have original jurisdiction when there exists a controversy between citizens of different states and a jurisdictional amount of at least $75,000 is at stake. *See* 28 U.S.C. § 1332. In the instant case, Gabhart seeks only equitable relief, specifically he requests that the prior 1998 State Action be quashed and expunged. There is no indication in the record that the amount of costs awarded against Gabhart equals at least $75,000. Therefore, although the diversity of citizenship requirement is satisfied in this case, the monetary jurisdictional requirement

is not met, and thus, federal diversity jurisdiction does not exist in this case.[1]

## 2.    Federal Question Jurisdiction

In federal question cases, district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Gabhart contends that federal question jurisdiction was proper before the district court, and now on appeal before this Court, because he based his request for relief upon the All Writs Act, 28 U.S.C. § 1651. Gabhart's reliance on this statute as a source of federal jurisdiction for this case is misplaced.

The All Writs Act provides in, relevant part, that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.  The All Writs Act enables federal courts to issue such commands "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued *in its exercise of jurisdiction otherwise obtained*." *United States v. Perry*, 360 F.3d 519, 533 (6th Cir. 2004) (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977)) (emphasis added).

In the instant case, Gabhart does not rely on the All Writs Act to aid the Court's jurisdiction in its "exercise of jurisdiction otherwise obtained."  Instead, Gabhart attempts to invoke federal jurisdiction based solely on the All Writs Act.  We must reject this attempt.  Gabhart's appeal must be based on an independent source of jurisdiction, which the All Writs Act could aid.

Even if an independent source of jurisdiction were present in this case, the All Writs Act still would not be the appropriate remedy.  This Court must use its authority pursuant to the All Writs

---

[1] Gabhart's attempt to attach federal diversity jurisdiction to the instant action based on the federal jurisdiction present in *Gabhart I* and *Gabhart II* is rejected.  The instant, separate action must have its own subject matter jurisdiction.

Act, "sparingly and only in the most critical and exigent circumstances." *Wisconsin Right to Life, Inc. v. Federal Election Comm'n*, 542 U.S. 1305, 1306 (2004) (internal quotation marks and citations omitted). The United States Supreme Court has characterized the All Writs Act as one of "the most potent weapons in the judicial arsenal . . . ." *Cheney v. United States Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quotation marks and internal citation omitted). Additionally, the Supreme Court specified the three conditions precedent to issuance of a writ pursuant to the statute: (1) "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires . . . a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process . . ." *id.* (quotation marks and internal citations omitted); (2) "the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable[]" *id.* (internal quotation marks and citation omitted); and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* (citations omitted).

Gabhart cannot meet any of the necessary conditions to authorize this Court to issue the extraordinary remedy of a writ pursuant to the All Writs Act. First, Gabhart had other adequate means to contest the 1998 State Action in the Chancery Court, but by his own admission he chose not to respond to the complaint. Therefore, this Court cannot condone Gabhart's attempt to circumvent the state's appellate process by issuing a writ pursuant to the All Writs Act. Second, Gabhart certainly has not met the burden of showing that his right to the issuance of the writ is clear and indisputable. To support his claim that he entitled to this remedy, Gabhart offers nothing more than an unsupported accusation that Newport's complaint in the 1998 State Action "was an attempt to harass him for filing the federal action" and that the All Writs Act gives "[d]istrict courts the

power to enjoin litigants who abuse the court system by harassing their opponents." (Appellant's Br. at 11.) These naked accusations are insufficient to meet the high standard of "clear and indisputable" evidence that Gabhart would be entitled to the writ. Third, because Gabhart clearly does not satisfy either of the first two conditions, issuance of the writ would not be appropriate under the circumstances. Therefore, because Gabhart cannot meet any of the conditions precedent to issuance of a writ under the statute, even if jurisdiction was proper in this case, this Court still would not issue a writ pursuant to the All Writs Act.

### iii. *Rooker-Feldman* Doctrine

This Court also lacks authority to grant Gabhart's request to quash and expunge the 1998 State Action based on the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, the United States Supreme Court has held that if a state court, acting judicially, has decided a matter, a federal court is barred as a matter of jurisdiction from reviewing what the state court has done. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) ("United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may only be had in this Court."). Specifically, the *Feldman* Court provides that if a district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision," and thus the district court lacks jurisdiction, which precludes its review of the state court judgment. *Id.* at 482, n. 16.

More recently, the Supreme Court restated the *Rooker-Feldman* doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be

appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (citations omitted). In essence, "[a]n action framed formally as an appeal, *an extraordinary writ*, an injunction directed to a court, or in any other form that would direct action by the state court is outside federal subject-matter jurisdiction." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d §4469.1 (2002) (emphasis added).

This Circuit has held that there are two elements to a *Rooker-Feldman* analysis: (1) "in order for the *Rooker-Feldman* doctrine to apply to a claim presented in federal district court, the issue before the Court must be [inextricably intertwined] with the claim asserted in the state court proceeding[,]" *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (quotation marks and citation omitted); and (2) "the *Rooker-Feldman* doctrine precludes federal court jurisdiction where that claim is a specific grievance that the law was invalidly – even unconstitutionally – applied in the plaintiff's particular case." *Id.* (internal quotation marks and citation omitted).

In the instant case, Gabhart's motion to quash and expunge the 1998 State Action is in essence a challenge to the state court's decision to award costs against him and the basis of his argument is that the Chancery Court's order in the 1998 State Action violated the law, specifically Fed. R. Civ. P. 13. Therefore, having met the requirements for applying the *Rooker-Feldman* doctrine, Gabhart's request to quash and expunge the 1998 State Court Action is barred by *Rooker-Feldman* principles. We cannot review the state court's decision. If Mr. Gabhart has forfeited possible state remedies by failing to respond to the 1998 State Action and bringing this federal action, then fault for that forfeiture can only lie with Mr. Gabhart.

### III. CONCLUSION

For the aforementioned reasons, this Court lacks subject matter jurisdiction in this case and thus we **DISMISS** the appeal in its entirety.