UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand seventeen.

Present:
        ROSEMARY S. POOLER,
        PETER W. HALL,
        RAYMOND J. LOHIER, Jr.,
            *Circuit Judges.*

---

IDRISSA ADAMOU,

        *Plaintiff-Appellee,*

      v.                                     14-3649-cv

EDWARD J. DOYLE,

        *Defendant-Appellant.*<sup>*</sup>

---

| | |
|---|---|
| For Appellee: | ZACHARY K. GIAMPA, (Richard L. Giampa, *on the brief*), Giampa Law, P.C., Bronx, New York. |
| For Appellant: | MARK A. RADI, (Brian S. Sokoloff, *on the brief*), Sokoloff Stern, LLP, Carle Place, New York. |

---

<sup>*</sup> The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Defendant-Appellant Detective Edward J. Doyle appeals from an order of the United States District Court for the Southern District of New York (Carter, *J.*) that granted in part and denied in part his motion to dismiss Plaintiff-Appellee Idrissa Adamou's second amended complaint. Doyle argues that he is entitled to absolute and/or qualified immunity. We assume the parties' familiarity with the underlying facts, the district court's rulings, and the arguments presented on appeal.

We are unable to reach the merits of Doyle's arguments because we lack appellate jurisdiction. Though our jurisdiction was not raised in either party's submissions, "every federal appellate court has a special obligation to 'satisfy itself . . . of its own jurisdiction.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)). The following procedural timeline informs our analysis.

On September 23, 2014, the district court entered an order granting in part and denying in part Doyle's motion to dismiss Adamou's second amended complaint. Roughly one week later, on September 29, 2014, two things happened: (1) Doyle filed a notice of interlocutory appeal from the September 23 order and (2) Adamou filed a *third* amended complaint, with leave of the district court. On October 14,

2

2014, Doyle both moved for reconsideration of the September 23, 2014 order and moved to dismiss the *third* amended complaint. On December 12, 2014, this Court stayed Doyle's interlocutory appeal in light of the pending motion for reconsideration. Over a year later, on March 14, 2016, the district court denied Doyle's motion for reconsideration and granted in part and denied in part Doyle's motion to dismiss the third amended complaint. Doyle did not appeal from that order. On March 30, 2016, this Court lifted the December 12, 2014 stay, and the parties began briefing.

Federal Rule of Appellate Procedure 3(c)(1)(B) requires notices of appeal to "designate the judgment, order, or part thereof being appealed." That requirement is jurisdictional. *Gonzalez v. Thaler*, 132 S. Ct. 641, 651–52 (2012). Here, the only notice of appeal that Doyle filed designated the September 23, 2014 order—and the September 23, 2014 order only—which denied (in relevant part) his motion to dismiss the second amended complaint as the order being appealed. J. App'x 202–03.

While "we construe notices of appeal liberally, taking the parties' intentions into account[,]" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) (citation omitted), our jurisdiction "depends on whether the intent to appeal from [a] decision is clear on the face of, or can be inferred from, the notices of appeal." *New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007). After the district court denied his motion for reconsideration and his motion to dismiss the third amended complaint, Doyle neither amended the existing notice of appeal nor

filed another notice appealing the new orders relating to the third amended complaint. On occasion we may interpret a notice of appeal of one order as an appeal from some prior orders, *see, e.g.*, *Elliott v. City of Hartford*, 823 F.3d 170, 174 (2d Cir. 2016), but it does not follow, as Doyle would have it, that we would interpret a notice of appeal as encompassing any *future* orders. We are even less inclined to read an illusory future appeal into an existing notice of appeal where the parties are represented by experienced counsel.

The only notice of appeal filed in this case makes clear that the single order properly before us is the September 23, 2014 order relating to the *second* amended complaint. That appeal became moot upon the filing of the *third* amended complaint because the operative facts changed and therefore any relief that we might order would relate to a complaint that no longer has any legal effect. The September 23, 2014 order was also superseded by the third amended complaint (and the subsequent unappealed decision of the district court declining to dismiss it).[1] We lack jurisdiction to review an order that was based on an old universe of facts[2] because we are prohibited from issuing advisory opinions. *See Herb v. Pitcairn*, 324

---

[1] Doyle had the opportunity in the district court to brief and argue the immunity issues with respect to the third amended complaint. He did, and lost. At that point, he could have filed a separate notice of appeal from the order denying his motion to dismiss that third amended complaint. He did not.

[2] Our jurisdiction to review interlocutory appeals is sharply limited to questions of law. *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 133–34 (2d Cir. 2013) (citation omitted). Interlocutory appeals are thus appropriate only where there is a common set of facts. *See id.* (citation omitted). To the extent that Doyle seeks to accept the well-pleaded facts from the *third* amended complaint, he cannot. For our purposes, it is only the *second* amended complaint that is properly before us because the third amended complaint did not even exist until after the notice of appeal was filed.

U.S. 117, 126 (1945) ("[O]ur power is to correct wrong judgments, not to revise opinions. We are not permitted to render an advisory opinion[.]").

Ordinarily we prefer to resolve immunity issues at the earliest possible stage of litigation. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (explaining that qualified immunity is "an *immunity from suit* rather than a mere defense to liability" (emphasis in original)). This is a rare case, however, where a motion to dismiss based on immunity is denied but, at the same time, leave to file an amended complaint is granted and then an amended complaint is filed the same day that the appeal from the denial of the original motion to dismiss is filed. Typically, the complaint would remain the same following the denial of immunity. In these circumstances, however, because the facts that are alleged have changed and no new notice of appeal was filed, we lack the ability to provide any relief and thus lack jurisdiction over this appeal.

We observe that the district court may have a future opportunity actually to analyze the immunity issues if they are raised in the district court. We express no opinion as to the merits of Doyle's immunity arguments and leave their determination to the district court in the first instance.

Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk