17-2694 (L), 18-681 (CON)
*Medidata Solutions, Inc. v. Veeva Systems Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand eighteen.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

MEDIDATA SOLUTIONS, INC., MDSOL EUROPE LIMITED,

> *Plaintiffs-Appellees,*

v.                                                          Nos.   17-2694 (L),
                                                                        18-681 (CON)

VEEVA SYSTEMS INC.,

> *Defendant-Appellant,*

ALAN MATEO, MICHELLE MARLBOROUGH, SONDRA PEPE, JASON RIZZO, RICHARD YOUNG,

> *Defendants.*

_____

FOR APPELLEES:                                    CLAUDIA RAY (Joseph A. Loy, Bonnie L. Jarrett, *on the brief*), Kirkland & Ellis LLP, New York, NY.

FOR APPELLANT:                                    KHARI J. TILLERY, Keker, Van Nest & Peters LLP, San Francisco, CA (Christa M. Anderson, Keker, Van Nest & Peters LLP, San Francisco, CA; Andrew T. Hambelton, Blank Rome LLP, New York, NY, *on the brief*).

Consolidated appeals arising out of two orders entered in the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on February 27, 2018, is **AFFIRMED**, and that the appeal arising out of the order entered on August 16, 2017, is **DISMISSED AS MOOT**.

Defendant-appellant Veeva Systems Inc. ("Veeva") filed appeals from two orders entered in the United States District Court for the Southern District of New York (Schofield, *J.*) denying two separate motions in which Veeva sought, under the doctrine of equitable estoppel, to compel arbitration of the claims asserted against it by plaintiffs-appellees Medidata Solutions, Inc. and MDSOL Europe Limited (together, "Medidata"). Medidata initiated the instant proceedings by suing Veeva and five former Medidata employees (the "former employees") based on its allegations that these defendants misappropriated Medidata's trade secrets and other confidential information. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to dismiss as moot Veeva's appeal of the District Court's first order (entered on August 16, 2017), and to affirm the District Court's second order (entered on February 27, 2018).

**I.**

Medidata alleges that, since 1999, it has sold software services that facilitate clinical trials in the medical, pharmaceutical, and biotech industries. Veeva was founded in 2007 as a

2

cloud-computing company, and, in its early years, did not compete directly with Medidata's products. At issue in Medidata's complaint are the actions of Veeva and of five former Medidata employees, all of whom left Medidata between 2013 and 2016 and later began working for Veeva.

While employed at Medidata, all five former employees agreed in writing to protect Medidata's confidential information and to refrain from competing with Medidata during their employment there and for up to one year thereafter. Three of the five employees' agreements also included an arbitration clause that mandated arbitration of "any dispute or controversy arising out of or relating to" their agreements. *See, e.g.*, App'x 227.

In early 2017, Veeva introduced new software products that competed with Medidata's existing tools for electronic data capture and clinical trial management. According to Medidata, Veeva developed those products after inducing the former employees to leave Medidata and by misappropriating its confidential information.

**A.**

In its first amended complaint ("FAC"), filed in February 2017, Medidata asserted numerous claims against Veeva and the former employees. These included misappropriation of trade secrets, breach of contract, tortious interference with contractual relations, unfair competition, unjust enrichment, and breach of fiduciary duty. In response, Veeva and the former employees formally stated their intention to move to compel arbitration of all claims, invoking the arbitration clause that appeared in three of the five former employees' employment agreements. Medidata then voluntarily dismissed without prejudice all of its claims against the former employees, leaving Veeva as the sole defendant.

Veeva proceeded to seek an order compelling arbitration of the remaining claims. Lacking a written arbitration agreement with Medidata, Veeva urged the court to compel arbitration based on the former employees' arbitration agreements, under a theory of equitable estoppel. In an order dated August 16, 2017 (the "First Order"), the District Court denied the motion to compel. Veeva timely noticed its appeal, and the matter was designated

3

as No. 17-2694 in our Court. *See* 9 U.S.C. § 16(a)(1)(B) (authorizing interlocutory appeal from denial of a motion to compel arbitration).

**B.**

In September 2017, before any party submitted briefing in appeal No. 17-2694, Medidata filed a second amended complaint ("SAC") in the District Court. The SAC omitted entirely Medidata's claims against the former-employee defendants and added allegations in support of its claims against Veeva. Once again, Veeva moved to compel arbitration, and once again, in February 2018, the District Court denied Veeva's motion (the "Second Order"). Its ruling rested on the same grounds articulated in the First Order. Veeva then appealed from the Second Order as well, producing the matter designated as No. 18-681.

In April 2018, a motions panel of this Court granted Veeva's unopposed motion under Federal Rule of Appellate Procedure 3(b)(2) to consolidate the two appeals.

**II.**

As a preliminary matter, we conclude that this Court lacks appellate jurisdiction over Veeva's appeal of the First Order. In that Order, the District Court's analysis of Veeva's motion to compel drew on the allegations and claims in Medidata's FAC. Shortly after the First Order was issued, however, Medidata filed the SAC, which contained new factual allegations. It is hardly a novel proposition that "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). For that reason, the filing of an amended complaint will generally moot a pending appeal when, as here, the appeal would require the Court to analyze factual allegations contained in the superseded complaint. *See, e.g.*, *Adamou v. Doyle*, 674 F. App'x 50, 52 (2d Cir. 2017) (summary order) (concluding that an appeal arising out of a second amended complaint "became moot upon the filing of the *third* amended complaint because the operative facts changed and therefore any relief that we might order would relate to a complaint that no longer has any legal effect"). We accordingly dismiss as moot appeal No. 17-2694, arising out of the District Court's First Order.

4

## III.

We next address Veeva's appeal of the Second Order, in which the District Court denied Veeva's motion to compel Medidata to arbitrate the claims asserted in the SAC. This Court reviews such orders de novo, taking as true the allegations in the complaint that "relate to the underlying dispute between the parties."[1] *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 113, 118–19 (2d Cir. 2012).

Here, Veeva and Medidata never entered into an arbitration agreement. That fact would ordinarily end the analysis because "[a]rbitration is a matter of contract, and therefore a party cannot be required to submit to arbitration any dispute which it has not agreed so to submit." *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 126 (2d Cir. 2010) (other alterations omitted). Even so, however, certain "common law principles of contract law" have been recognized as in some circumstances allowing "non-signatories to enforce an arbitration agreement." *Id.* These include the theory of equitable estoppel, *id.*, which Veeva here invokes.

A non-signatory who attempts to compel arbitration under an estoppel theory must demonstrate that: (1) "the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed," and (2) the "relationship among the parties . . . justifies a conclusion that the party which agreed to arbitrate with another entity should be estopped from denying an obligation to arbitrate a similar dispute with the adversary which is not a party to the arbitration agreement." *Id.* at 127 (internal quotation marks omitted). In this appeal, Medidata has not contested that its claims against Veeva are "intertwined" with the former employees' employment agreements, as required under the first prong of the estoppel analysis. We turn directly, therefore, to the second

---

[1] The District Court here made no findings of fact when ruling on Veeva's renewed motion to compel arbitration. Had the District Court made any such findings, we would review them for clear error. *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012).

5

prong, asking whether Veeva has demonstrated the requisite "relationship among the parties" that would make it unfair to decline to require arbitration of this dispute.

In *Sokol Holdings, Inc. v. BMB Munai, Inc.*, 542 F.3d 354 (2d Cir. 2008), we discussed at length the types of relationships sufficient to justify applying equitable estoppel. *See id.* at 359–62. Drawing on that analysis here, we articulate Veeva's burden as follows: Veeva must show that Medidata's agreement to arbitrate disputes with the former employees might reasonably extend to Veeva based on the fact that Veeva "was, or would predictably become, with [Medidata's] knowledge and consent, affiliated or associated with [a former employee] in such a manner as to make it unfair to allow [Medidata] to avoid its commitment to arbitrate" claims that are concededly intertwined with the substance of the employment agreement, but that are asserted against Veeva, who was not a party to that agreement. *Id.* at 361. On de novo review, we agree with the District Court that Veeva has failed to demonstrate any such relationship.

Veeva argues, first, that it had a "close business and operational relationship" with the former employees, all of whom worked for Veeva for at least some period after they left Medidata. Appellant's Br. 26. (Not all still do work for Veeva.) This argument relies on a line of cases in which a defendant non-signatory to the arbitration agreement successfully invoked equitable estoppel to compel arbitration based on a "corporate relationship to a signatory party." *Ross v. Am. Express Co.*, 547 F.3d 137, 144 (2d Cir. 2008) (emphasis omitted) (collecting cases). The types of relationships found to suffice involved "subsidiaries, affiliates, agents, and other related business entities." *Id.* In those cases, however, we found it significant that, during the time period at issue in the complaint, the *plaintiffs themselves* treated the signatory and non-signatory corporate affiliates as at least somewhat interchangeable with respect to the plaintiffs' rights and responsibilities under the relevant contract, sharpening the "unfairness" of allowing a plaintiff to avoid its commitment to arbitrate disputes arising out of that contract on the technical grounds that one entity signed it and the other did not. *See, e.g.*, *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 178 (2d Cir. 2004) ("[T]he amended complaint repeatedly alleges that, whatever corporate entities happened to sign the charter contracts, JLM was purchasing shipping services directly from the [non-

6

signatory corporate] parents and was harmed by the allegedly inflated prices charged by those parents." (other alterations omitted)); *accord Astra Oil Co., Inc. v. Rover Navigation, Ltd.,* 344 F.3d 276, 280–81 (2d Cir. 2003); *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97–98 (2d Cir. 1999).

Here, Medidata makes a different pitch: it alleges that Veeva colluded with the former employees at some point after those individuals began working at Medidata, without Medidata's "knowledge [or] consent," *Sokol*, 542 F.3d at 361, but does not allege any interchangeability of the type cited in *JLM*, *Astra Oil*, and *Smith/Enron*.

Veeva responds that, although it had no relationship with the former employees when they *began* working at Medidata, Medidata had every reason to suspect that such an affiliation might develop in the future. Pointing to the confidentiality and non-compete provisions in Medidata's employment agreement, Veeva argues that Medidata "explicitly contemplated" the possibility "that its employees might eventually leave . . . to work for one of Medidata's competitors." Appellant's Br. 29–30. This is not enough.

We explained in *Sokol* that there is "no unfairness" in denying equitable estoppel to a defendant who became "aligned or associated" with a signatory to the arbitration agreement "by wrongfully inducing [the signatory] to breach its obligation [to the plaintiff] under that contract." 542 F.3d at 362; *see also Ross*, 547 F.3d at 146 (rejecting estoppel because the defendant credit card company's "only relation" with agreements between holders of competitor cards and issuing banks "was as a third party allegedly attempting to subvert the integrity of the cardholder agreements"). Here, Medidata required its employees to sign an agreement that prohibited them from working against Medidata's interests and from disclosing Medidata's confidential information. Veeva was not involved at all in those relationships until it intruded by allegedly poaching Medidata employees and inducing them to divulge Medidata's secrets; in other words, by "wrongfully inducing" the former employees to breach their contract with Medidata. *Sokol*, 542 F.3d at 362. These alleged wrongs hardly render it "unfair" for Medidata to litigate its claims against its competitor, Veeva, in court rather than in an arbitration that it would have required of its employees.

7

\* \* \*

We have considered Veeva's remaining arguments and find them to be without merit. For the reasons set forth above, we **AFFIRM** the District Court's order of February 27, 2018, denying Veeva's renewed motion to compel arbitration (in No. 18-681); and we **DISMISS AS MOOT** Veeva's appeal as to the District Court's order of August 16, 2017 (in No. 17-2694).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court
